107   47
a204s 145

## Abe Lincoln Danziger v. Pittsfield Shoe Company.

1. ATTORNEY AND CLIENT—*Authority to Prosecute Does Not Include Authority to Compromise.*—Authority to prosecute a suit does not include authority to compromise it.    To bind the client by such an act, the authority of the attorney to so settle the litigation must be shown, or ratification of the act by the client with full knowledge of the facts must appear.

2. PRACTICE—*Motion to Instruct Jury to Find for the Defendant an Abandonment of Defense of Settlement and Compromise.*—A motion at the close of all the evidence to instruct the jury to find the issues for the plaintiff and to assess his damages is an abandonment of the defense of settlement and compromise.

Assumpsit, for goods sold and delivered.    Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in this court at the March term, 1902.    Affirmed,    Opinion filed February 26, 1903.

ISRAEL SHRIMSKI, attorney for appellant.

BANGS, WOOD & BANGS, attorneys for appellee.

An attorney employed to collect a debt can only obtain judgment, have execution issued, receive and receipt for the proceeds, but he can not compromise the debt, give day

of judgment, receive a less amount, or anything but money in satisfaction. Nolan v. Jackson, 16 Ill. 272; Lochenmeyer v. Fogarty, 112 Ill. 582.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellee is a manufacturer of shoes, its place of business being at Pittsfield, New Hampshire. Appellant, who resides in Chicago, Illinois, is a wholesale dealer in shoes. Prior to 1898 appellant purchased small lots of shoes from appellee. In January, 1898, it was agreed between the parties hereto that appellee should consign shoes to appellant, upon accepted orders, which goods the latter was to sell at list prices, retaining seven per cent for his services. November 10th and 25th, 1899, appellant sent letters to appellee inclosing orders for goods, which appellee answered under date of December 9, 1899, stating that as leather had advanced in price it wanted five cents per pair above sample prices. December 16, 1899, appellant replied, saying, among other things :

" Since we find that you object to making such a large order at old prices, we enclose you a new order, which only covers the goods we have actually sold and must deliver at old prices. Consequently, the orders of November 10th and 25th are herewith canceled."

This new order called for goods of the aggregate value of $8,036.20. Written at the bottom of the order was the following : " Shipments to be made one-half January 15th, one-half February 15th." December 21, 1899, appellee replied :

" In answer to your letter 12–16 will say that we will accept this last order of December 16th at old prices, but on all future orders we must get an advance of five cents per pair. We have lots of orders, and do not know as we can ship all of yours or not, but we will do the best we can."

Appellant also offered evidence tending to prove that in January, 1900, when he was in Pittsfield he made another order for goods, which was never filled. Appellee put in evidence in contradiction of this claim. The court instructed

the jury upon this point, and they decided against appellant. There is ample evidence to sustain such finding. Appellee did not deliver the goods called for by the December order as rapidly as appellant thought it should, and out of the contention which followed, this suit originated. At the close of the evidence for appellee it was admitted and agreed that appellant owed appellee for goods the sum of $3,817.83, unless appellant was able to reduce that amount by showing offsets or settlement.

The trial resulted in a verdict and judgment in favor of appellee. From such judgment this appeal was perfected.

The first contention of appellant is that the trial court erred in excluding competent evidence of a settlement alleged to have been made between the parties hereto. In August, 1900, a Mr. Bicknell, who was in the office of the attorneys for appellee, went to the office of the attorney of appellant, and there received a check for the sum of $1,169.13, payable to the order of Bangs, Wood & Bangs, the attorneys of appellee, on the face of which appeared the words: "Account Pittsfield Shoe Co." Appellant offered to show that Bicknell then and there was told that this check, together with certain goods then on hand, ready to be surrendered, constituted an entire satisfaction of the claim here in issue; and that appellee's attorneys used such check and sent the proceeds, or part of the proceeds, to it. At this point the court asked counsel for appellant, "Are you proposing to show Mr. Bicknell's authority any further than the mere fact that he was there and received the check?" Answer: "That he received the check and we showed him how we arrived at the amount." No direct evidence was offered tending to prove that Bicknell or that Bangs, Wood & Bangs had authority to settle this suit for an amount less than the sum claimed, nor that appellee had ratified or even knew of such alleged settlement. The check was received in evidence as payment on account, but the evidence relating to a settlement was ruled out. Authority to prosecute a suit does not include authority to compromise it. To bind the client by such an act, the

authority of the attorney to so settle the litigation must be shown, or ratification of the act by the client with full knowledge of the facts must appear. Nolan v. Jackson, 16 Ill. 272, 275; Wetherbee v. Fitch, 117 Ill. 75, and cases cited.

Further, appellant, at the close of all the evidence asked the court to instruct the jury to find the issues for appellee and to assess its damages at the sum of $1,111.11. This was an abandonment of the defense of settlement and compromise.

The second contention of appellant is that the court, over his objection, admitted the evidence of the witnesses Green and Hussey, as to the amount of goods delivered, because, as it is claimed, they obtained their knowledge in part from books of account which were not shown to be true and correct. It is sufficient to say that the evidence thus objected to related solely to the state of the account between the parties, and as appellant afterward admitted that the whole sum claimed was due, except as it was wiped out by settlement, or reduced by set-offs, the evidence became immaterial, and therefore the action of the court in that regard is not reversible error.

The contention of appellant that the December order made it the duty of appellee to fill the one-half thereof by January 15th and the other half thereof by February 15, 1900, is not well founded. Such was undoubtedly the intention of appellant when he sent that order, but it was not so accepted by appellee. The reply, in part, was, " We have lots of orders and we do not know as we can ship all of yours or not, but will do the best we can." This was a partial acceptance only. It left appellant free to withdraw the offer, if he saw fit, or to leave the order, as he did, with the time of delivery uncertain and subject to the obligation of appellee to do the best he could, taking into consideration its other orders and the capacity of its factory to turn out the goods.

It is to be noted that the December order covered no other goods than those appellant had "actually sold and

must deliver at old prices." Under his agreement he could retain but seven per cent of such old prices. As consignee he could not resell such goods at a price above "such old prices," and then claim that advanced price as the measure of his damages.

There is evidence tending to prove that goods were delivered upon this December order by appellee, and were received by appellant, to the value of $7,417.80; and that failure to deliver the remainder, being of the value of $533.60, was occasioned by the severance of business relations between the parties hereto.

This claim of damages was submitted to the jury under proper instructions, and they found for appellee in that regard. After a full examination of the record, we are satisfied with that finding.

Appellant contends that the learned trial judge erred in the giving of certain instructions presented by appellee, and also erred in the refusing of certain other instructions tendered by appellant. We have carefully considered these criticised instructions, in connection with the other given instructions (Chicago & W. I. R. R. Co. v. Doan, 93 Ill. App. 247), and are of the opinion that the jury was fully instructed upon all the issues of the case; that the trial was a fair one; that the judgment is clearly right upon the facts; and that the alleged errors, if any there be, in the instructions, are not substantial.

The judgment of the Superior Court is affirmed.